IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| ANNIE BOYD | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:20-cv-02025-LSC |
| | ) | |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | **)** | |
| Commissioner, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

Before the court is Plaintiff Annie Boyd's ("Boyd's") motion for leave to file her case out of time. (Doc. 4). For the reasons described below, Boyd's motion is due to be denied.

I.   Background

On December 26, 2019, an administrative law judge denied Boyd's application for Social Security Disability Insurance and Supplemental Security Income benefits. (Doc. 1.) Boyd appealed this decision to the Appeals Council. (*Id.*) The Appeals Council denied review of the administrative law judge's decision on August 21, 2020. (*Id.*) On December 16, 2020—117 days after the Appeals

Council's decision—Boyd filed a complaint in this Court seeking judicial review of the Social Security Administration's decision. (*Id.*)

## II. Analysis

<u>Motion for Leave to File Out of Time</u>

Under 42 U.S.C. 405(g), a claimant may appeal any final decision of the Commissioner of Social Security "within sixty days" of the decision or "within such further time as the Commissioner of Social Security may allow." 42 U.S.C. 405(g). This sixty-day period is a "period of limitation, which in rare cases can be tolled by the Commissioner or the courts. *Bowen v. New York*, 476 U.S. 467, 480 (1986). However, in most cases, the Commissioner should make the determination of whether to extend the period. *Id.* Only "where the equities in favor of tolling the limitation period are so great that deference to the agency's judgment is inappropriate," should the courts extend the period. *Id.*

Boyd's threadbare motion does not allege that she has pursued an out-of-time appeal with the Commissioner, that the Commissioner has extended the sixty-day period of limitation, or that there are any "equities in favor of tolling the limitation period." Without more, the court will not excuse Boyd's 57-day delay. In short, Boyd has failed to allege that she exhausted available administrative remedies and filed a timely appeal as required by 42 U.S.C. § 405(g) and (h).

Accordingly, this Court cannot exercise jurisdiction of this case in its present posture.

## III. Conclusion

In light of the foregoing, Boyd's motion for leave to file her case out of time, (doc. 3), is due to be denied, and this case is due to be dismissed for lack of subject matter jurisdiction. A separate closing order will be entered.

**DONE** and **ORDERED** on March 1, 2021.

L. Scott Coogler<br>
United States District Judge

203171