# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| ANNIE BOYD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   1:20-cv-02025-LSC |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM OF OPINION

## I.   Introduction

On December 16, 2020, Annie Boyd ("Boyd" or "Plaintiff") filed with the Clerk of this Court a complaint against the Acting Commissioner of the Social Security Administration ("Commissioner" or "Defendant"). (Doc. 1.) Boyd appeals the Commissioner's decision denying Boyd's claim for a period of disability and disability insurance benefits ("DIB"). (Doc. 1 at 2; *see also* tr. at 25, 32.) Boyd timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

## II.   Background

Boyd has a high school education and has completed some college coursework.

(Tr. at 30, 153.) She has previously worked as an assembly wiper. (Tr. at 30, 153.) Boyd was 47 years old at the time of her application for a period of disability and DIB on February 27, 2019. (Tr. at 119–20.) Boyd's application for benefits alleged a disability onset date of January 19, 2019. (Tr. at 25, 119.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for a period of disability and DIB. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The first step requires the evaluator to determine whether the claimant is engaged in substantial gainful activity ("SGA"). *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the claimant's medically determinable physical and mental impairments. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding

of not disabled. *Id.* The decision depends on the medical evidence contained in the record. *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial evidence in the record" adequately supported the finding that the claimant was not disabled).

Similarly, the third step requires the evaluator to consider whether the claimant's impairment or combination of impairments meets or is medically equal to one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled. *Id.*

If the claimant's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the claimant's residual functional capacity ("RFC") before proceeding to the fourth step. *See* 20 C.F.R. §§ 404.1520(e), 416.920(e). The fourth step requires the evaluator to determine whether the claimant has the RFC to perform the requirements of her past relevant work. *See id*. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant's impairment or combination of impairments does not prevent her from performing her past relevant work, the evaluator will make a finding of not disabled. *Id.*

The fifth and final step requires the evaluator to consider the claimant's RFC,

age, education, and work experience in order to determine whether the claimant can make an adjustment to other work. *Id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can perform other work, the evaluator will find her not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the claimant cannot perform other work, the evaluator will find her disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the sequential evaluation process, the Administrative Law Judge ("ALJ") first established that Plaintiff has not engaged in SGA since her alleged disability onset date. (Tr. at 27.) Next, the ALJ found that Plaintiff's obesity; osteoarthritis of the feet, knees, and shoulders; diffuse idiopathic skeletal hyperostosis ("DISH"); and status post right shoulder repair qualify as "severe impairments." (Tr. at 27.) However, the ALJ also found that these impairments neither meet nor medically equal any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 27–28.) Following this determination, the ALJ established that Plaintiff has the following RFC:

> [T]o perform sedentary work as defined in 20 CFR 404.1567(a) except [the claimant] can engage in postural activities occasionally, but not use ladders. She can engage in frequent overhead reaching and must avoid concentrated exposures to extreme temperatures.

(Tr. at 28.)

The ALJ established that Plaintiff was a "younger individual" at 47 years old

on her alleged disability onset date and has at least a high school education. (Tr. at 30.) Relying on the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff is unable to perform any of her past relevant work based on her age, education, and RFC. (Tr. at 30.) However, the ALJ also concluded that the "[t]ransferability of job skills is not material to the determination of disability [in this case] because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled,' whether or not the claimant has transferable job skills." (Tr. at 30.)

Considering Plaintiff's age, education, work experience, and RFC in conjunction with the Medical-Vocational Guidelines, the ALJ determined that Plaintiff is capable of performing jobs that exist in significant numbers within the national economy, such as a document preparer, touch-up screener, and table worker. (Tr. at 31.) From these findings, the ALJ concluded the five-step evaluation process by stating that Plaintiff "ha[d] not been under a disability, as defined in the Social Security Act, from January 19, 2019," Plaintiff's alleged disability onset date, through December 26, 2019, the date of the ALJ's decision. (Tr. at 32.)

### III.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is

substantial evidence in the record as a whole to support the findings of the Commissioner and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)). This Court gives deference to the factual findings of the Commissioner, provided that those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence. *See Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1989)).

## IV. Discussion

Plaintiff argues that this Court should reverse and remand the ALJ's decision for two reasons. First, Plaintiff argues that the ALJ failed to properly consider the medical opinions of Dr. Krishna Reddy, the state agency consulting physician. (Doc. 28 at 6–10.) Second, Plaintiff asserts that the ALJ failed to account for Plaintiff's manipulative limitations in the ALJ's determination of Plaintiff's RFC. (Doc. 28 at 6–15.)

To be found disabled, Plaintiff had to demonstrate that she was unable to engage in any SGA by reason of a medically determinable physical or mental impairment expected to result in death or to last twelve or more continuous months. *See* 42 U.S.C. § 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. At step two, the ALJ had to determine whether Plaintiff had a medically determinable impairment or

combination of impairments that is "severe." 20 C.F.R. §§ 404.1520(c), 416.920(c). An impairment or combination of impairments is "severe" within the meaning of the regulations if it significantly limits an individual's ability to perform basic work activities. *Id.* An impairment or combination of impairments is "not severe" when medical and other evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. §§ 404.1521, 416.921; Social Security Ruling(s) ("SSR"s) 85-28. The burden of showing that an impairment or combination of impairments is "severe" rested at all times with Boyd, as the claimant. *Turner v. Comm'r of Soc. Sec.*, 182 F. App'x 946, 948 (11th Cir. 2006) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). Because Plaintiff bore the burden of proving that she had a severe impairment, she thus had the burden of establishing the prerequisite for finding a severe impairment, i.e., the existence of a medically determinable impairment. *See Doughty*, 245 F.3d at 1280.

The record must include evidence from acceptable medical sources to establish the existence of a medically determinable impairment. *See* 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. §§ 404.1513(a), 416.913(a) ("An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability . . . ; there must be medical . . . findings, established by medically acceptable clinical or

laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities."); *see also* 20 C.F.R. §§ 404.1502, 416.902 (defining symptoms, signs, and laboratory findings).

### a. Medical Opinion of State Agency Consulting Physician

Here, the ALJ concluded that Plaintiff had several severe impairments: "obesity; osteoarthritis of the feet, knees, and shoulders; diffuse idiopathic skeletal hyperostosis (DISH); and status post right shoulder repair." (Tr. at 27.) However, the ALJ found that none of these impairments or combination of impairments met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. at 27.) Based on the determinations that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the qualifying impairments, the Plaintiff's RFC, and the finding that there were jobs in significant numbers in the national economy that the Plaintiff could perform, the ALJ determined that the Plaintiff has not been under a disability since her application date of January 19, 2019. (Tr. at 26–32.)

Plaintiff argues that the ALJ failed to properly evaluate the medical opinions of Dr. Krishna Reddy, the state agency consultant. (Doc. 28 at 6–10.) The ALJ found Dr. Reddy's medical opinion not persuasive. (Tr. at 30.) Plaintiff argues that the ALJ

failed to properly accord Dr. Reddy's report and did not provide adequate cause for rejecting her opinions. (Doc. 20 at 6–10.)

New regulations came into effect in 2017, which govern this case. These new regulations provide revised instructions to the ALJ for evaluating medical opinions. For claims filed after March 27, 2017, 20 C.F.R. §§ 404.1520c and 416.920c declare that the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)." Instead, the ALJ will consider supportability, consistency, relationship with the claimant, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship specialization, and other factors in evaluating medical opinions and prior administrative medical findings, with the most important factors being supportability and consistency. 20 C.F.R. §§ 404.1520c, 416.920c. While the ALJ must explain the role of the supportability and consistency factors in evaluating the opinion of a medical source or administrative medical finding, he is not required to do the same for the other factors. *Id.* In responding to comments to these changes when proposed, the Social Security Administration explained,

> The supportability and consistency factors provide a more balanced and objective framework for considering medical opinions than focusing upon the factors of consistency and the medical source's relationship with the individual. A medical opinion without supporting evidence, or

one that is inconsistent with evidence from other sources, will not be persuasive regardless of who made the medical opinion.

*Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 Fed. Reg. 5844-01 (Jan. 18, 2017).

The ALJ properly considered Dr. Reddy's medical opinion. The ALJ first discussed Plaintiff's medical records and symptoms at length. (*See* tr. at 28–30.) The ALJ addressed imaging of Plaintiff's joints that showed degenerative changes in the SI joints and both hip joints "with bony overgrowth and sclerotic change." (Tr. at 28; *see also* tr. at 326.) The ALJ found that Plaintiff's obesity compounded her symptoms relating to her knee, feet, and back problems. (Tr. at 29.) He also noted that imaging of Plaintiff's hands showed joint narrowing and arthritis and that imaging of her knees showed medical joint space narrowing. (Tr. at 28–29.) However, the ALJ stated that Plaintiff's medical providers had "indicated no tenderness, swelling, [or] effusion in her shoulders, elbows, hands and hips." (Tr. at 29.)

Following his thorough analysis of Plaintiff's medical records, the ALJ provided the following statement regarding Dr. Reddy's medical opinion:

> [Dr. Reddy] opined that [Boyd] could perform work at the light exertional level with occasional postural maneuvers, frequent overhead reaching, handling and fingering, and avoiding concentrated exposure to extreme cold, vibration, and avoiding even moderate exposure to hazards ([Tr. at 57–68.]). The opinion regarding light work is not

persuasive, as it is not consistent with the evidence showing knee, feet, and back problems, as discussed above. The opinion regarding handling and fingering is not consistent with the record showing no tenderness or limitation of motion in [Boyd's] elbows, [sic] and hands.

(Tr. at 30.) The ALJ's discussion of Dr. Reddy's medical opinion clearly demonstrates that he considered the opinion as a whole and did not, as Plaintiff contends, find that only one piece of the opinion was not persuasive and ignore the remainder of the opinion. Although the ALJ only explicitly stated that Dr. Reddy's "opinion regarding light work" was not persuasive, he explained that he came to such a conclusion because that opinion was "not consistent with the evidence showing knee, feet, and back problems." (Tr. at 30.) The ALJ followed that determination by immediately stating that the opinion regarding handling and fingering was also inconsistent with evidence in the record, thus logically implying that he likewise found that opinion not persuasive. (*See* tr. at 30.) Accordingly, the ALJ satisfied his duty to discuss the medical opinion of Dr. Reddy.

### b. Manipulative Limitations and RFC

Plaintiff further asserts that the ALJ did not properly incorporate Plaintiff's alleged manipulative limitations into his determination of Plaintiff's RFC. (Doc. 28 at 12–16.)

A claimant's RFC reflects her ability to perform "work-related physical and mental activities in a work setting" within a forty-hour work week in light of her

"functional limitations and restrictions that result from [a] medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1 (emphasis in original). The ALJ bases a claimant's RFC on all of the evidence in the record, including information about the claimant's symptoms and medical opinions. *Id.* at *2. Moreover, the determination of a claimant's RFC lies within the sole purview of the ALJ, not the doctors providing medical opinions or other evidence. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] and ability to work is within the province of the ALJ, not of doctors."); *Carson v. Comm'r of Soc. Sec. Admin.*, 300 F. App'x 741, 743 (11th Cir. 2008) ("While statements from treating physicians regarding the level of work a claimant can perform are important, they are not determinative because the ALJ has the ultimate responsibility to assess a claimant's [RFC].").

The claimant always bears the burden of proving disability. 20 C.F.R. §§ 404.1512(a), 416.912(a); *e.g.*, *Sullivan v. Comm'r of Soc. Sec.*, 694 F. App'x 670, 671 (11th Cir. 2017) ("The person applying for disability must prove that she is disabled.") (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005)). A

claimant's subjective complaints of pain or other symptoms will not suffice to demonstrate a disability. 20 C.F.R. §§ 404.1529, 416.929. Rather, a claimant must also present objective medical evidence establishing a medically determinable impairment or combination of impairments that one would reasonably expect to produce the pain or other symptoms that the claimant alleges. *Id.*

"When the medical signs or laboratory findings show that [a claimant] ha[s] a medically determinable impairment(s) that could reasonably be expected to produce [her] symptoms, such as pain, [the ALJ] must then evaluate the intensity and persistence of [the claimant's] symptoms so that [he] can determine how [the claimant's] symptoms limit [her] capacity for work . . . In evaluating the intensity and persistence of [the claimant's] symptoms, [the ALJ] consider[s] all of the available evidence from [the claimant's] medical sources and nonmedical sources about how [her] symptoms affect [her]." *Id.* §§ 404.1529(c)(1), 416.929(c)(1); SSR 96-8p, 1996 WL 374184, at *7. The ALJ will determine that a claimant's symptoms, including pain, affect her ability to perform work-related activities only to the extent that the ALJ can reasonably accept that the claimant's alleged functional limitations and restrictions resulting from the symptoms are consistent with the objective medical evidence and other evidence in the record. 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1). If a claimant's medically determinable impairments do not meet or

equal one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1,[1] the ALJ will consider the impairments and any related symptoms in determining the claimant's RFC. 20 C.F.R. §§ 404.1529(d)(4), 416.920(d)(4).

Substantial evidence supports the ALJ's determination of Plaintiff's RFC. The ALJ properly accounted for Plaintiff's alleged manipulative limitations but found that the severity alleged by Plaintiff lacked support in the record. (*See* tr. at 29.) The ALJ stated that the evidence in the record "shows that [Plaintiff's] alleged functional restrictions do not find persuasive support in her examination findings." (Tr. at 29.) Moreover, the ALJ cited Plaintiff's medical records that "routinely described her as being in no acute distress" and having "good range of motion of the bilateral shoulders, wrists, hands, knees, and ankles," stating that "[p]roviders indicated no tenderness, swelling, [or] effusion in [Plaintiff's] shoulders, elbows, hands and hips." (Tr. at 29; *see also* tr. at 313, 316, 319–20, 331, 338.) The ALJ further considered Plaintiff's daily activities, noting her ability to "raise a young daughter, drive, cook, do laundry, handle self-care, and shop." (Tr. at 29; *accord* tr. at 170–77.)

The ALJ's discussion of Dr. Reddy's opinions regarding Plaintiff's manipulative limitations immediately followed his thorough analysis of Plaintiff's other medical records, which did not support a finding that Plaintiff's manipulative

---

[1] 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

limitations were of the severity that she alleged. (Tr. at 29–30.) Although Plaintiff contends that the ALJ failed to cite to a specific part of the evidentiary record with which he believed Dr. Reddy's opinion to be inconsistent, the contrast between Dr. Reddy's opinion and the other medical evidence in the record is clear simply in their proximity within the ALJ's discussion of the matter. In fact, less than half of a page separates the ALJ's finding that Dr. Reddy's opinion on Plaintiff's manipulative limitations was inconsistent with the record and the ALJ's specific discussion of and citations to the other evidence in the record regarding Plaintiff's manipulative limitations. (*See* tr. at 29–30.) The ALJ need not have included an additional citation to evidence to which he had already cited in the same discussion. Rather, the ALJ's reference to specific evidence that he had cited mere paragraphs prior to his determination of Dr. Reddy's opinion was sufficient.

Furthermore, contrary to Plaintiff's assertions, the ALJ adequately incorporated the manipulative limitations that he deemed necessary into Plaintiff's RFC. The ALJ limited Plaintiff to only engaging in postural activities occasionally and never climbing ladders. Additionally, the ALJ included all of those limitations in the hypothetical question that he posed to the VE (tr. at 46–47) and thus did not err in relying on the VE's testimony. Whether the ALJ could have incorporated additional manipulative limitations into Plaintiff's RFC is not within the scope of

this Court's authority where the ALJ supports his decision with substantial evidence. *See Parker v. Bowen*, 793 F.2d at 1181 (Gibson, J., dissenting) (quoting *Consolo*, 383 U.S. at 620). As discussed above, the ALJ supported his determination of Plaintiff's RFC with substantial evidence, and this Court will not substitute its judgment for that of the Commissioner. *See Dyer*, 395 F.3d at 1210 (quoting *Phillips*, 357 F.3d at 1240 n.8).

## V.  Conclusion

Upon review of the administrative record, and considering Plaintiff's arguments, this Court finds the Commissioner's decision is supported by substantial evidence and in accordance with the applicable law. For the foregoing reasons, this Court hereby AFFIRMS the Commissioner's decision. A separate Order consistent with this Opinion will be entered contemporaneously herewith.

**DONE** AND **ORDERED** ON MARCH 28, 2023.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE

211913